IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL H. JONES, #443638, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00715 |
| | ) Judge Trauger |
| AMBER LINEBERRY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. PROCEDURAL HISTORY**

State inmate Daniel Jones filed a pro se Complaint for violation of civil rights against the Tennessee Board of Parole (TBOP) and Parole Administrator Amber Lineberry, seeking relief related to an allegedly unconstitutional denial of release on parole. (Doc. No. 1.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

On July 16, 2024, the court denied leave to proceed IFP under the three-strikes law, 28 U.S.C. § 1915(g). The plaintiff appealed that denial on July 30, 2024, and on February 10, 2025, the U.S. Court of Appeals for the Sixth Circuit determined that the plaintiff no longer qualified as a three-striker under Section 1915(g), based on its intervening decision in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. Nov. 15, 2024). (Doc. Nos. 17, 18.) The Sixth Circuit therefore vacated this court's denial of the plaintiff's IFP application and remanded for further proceedings. On March 11, 2025, the plaintiff filed a Motion for Pretrial Conference and Scheduling Order (Doc. No. 20), in response to which the court referred the case to the Magistrate Judge for management. (Doc. No. 21.)

On April 3, 2025, this court received notice from the plaintiff that his address had changed, to a halfway house in Jackson, Tennessee. (Doc. No. 22.) The Tennessee Department of Correction's Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (last visited Apr. 30, 2025), reveals that he has been released to serve the remainder of a twelve-year prison sentence (which took effect in 2022) on parole, under the supervision of the Jackson Probation and Parole Office.

## II. PAUPER STATUS AND REVOCATION OF REFERRAL

The plaintiff's IFP application (Doc. No. 2) demonstrates his inability to pay the civil filing fee and is therefore **GRANTED**. With the issue of the filing fee now resolved, the Complaint is due for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

As explained below, the required PLRA review reveals that the Complaint in this case fails to state a claim upon which relief may be granted. Accordingly, the court **REVOKES** its referral of the matter to the Magistrate Judge.

## III. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The plaintiff alleges that, in February 2024, a hearing officer recommended that his parole application be granted, with the added condition that he be required to avoid contact with an individual whom the hearing officer mistakenly believed to have been victim to a crime, when the criminal charge involving that individual had in fact been dismissed and expunged from the plaintiff's publicly available record. (Doc. No. 1 at 3; Doc. No. 1-1 at 8–9.) When the matter came before the full TBOP, that body declined the hearing officer's recommendation, denied parole, and deferred further consideration of the plaintiff's application for one year, until February 2025. (Doc.

No. 1 at 3.) The plaintiff claims that this denial and deferral was an arbitrary, rote response by the TBOP, which failed to comply with state law requiring consideration of his efforts to improve his suitability for release on parole through participation in rehabilitation programs. (*Id.* at 3–5 (citing, *e.g.*, Tenn. Code Ann. § 40-35-503(g)[1]).)

Citing Tennessee's Reentry Success Act (RSA) of 2021, 2021 Tenn. Pub. Acts, ch. 410 (H.B. 785),[2] the plaintiff claims that the February 2024 denial of parole and deferral of his parole application for another year, in violation of the "established order governing the method" for the TBOP's decision making, subjects the TBOP and its Administrator, Amber Lineberry, to a federal contempt finding under 18 U.S.C. § 401(3); to liability for violating the plaintiff's federal constitutional rights; and to liability under the state law of negligence. (*Id.* at 5–6.) He seeks relief in the form of a declaratory order recognizing the violation of his rights, an injunction "ordering the defendants to immediately re-schedule a rehearing" on his parole application, and an award of damages. (*Id.* at 7–9.)

## C. Analysis

This action must be dismissed because the relief it seeks under Section 1983 is either not available against the defendants named in the Complaint or not available at all in light of the plaintiff's recent release on parole. Defendant Lineberry is named in her capacity "as an agent of

---

[1] Under this section, "[i]n determining whether an inmate should be granted parole, the board shall consider as a factor the extent to which the inmate has attempted to improve the inmate's educational, vocational or employment skills through available department of correction programs while the inmate was incarcerated." Tenn. Code Ann. § 40-35-503(g)(1).

[2] The RSA "established (with certain exceptions) a 'presumption that an eligible inmate must be released on parole' upon the release eligibility date 'or any subsequent parole hearing.'" *Hughes v. Duncan*, 93 F.4th 374, 377 (6th Cir. 2024) (quoting Tenn. Code Ann. § 40-35-503(i)(1)).

the Tennessee Board of Parole"[3] at the beginning of the Complaint (Doc. No. 1 at 2) and is not mentioned thereafter. The same is true of Lineberry's "other co-workers[] who are likewise agents of th[e] TBOP," and who the plaintiff states "shall be sued in their respective individual and official capacities." (*Id.*) Later in the Complaint, the plaintiff seeks monetary damages against "each defendant" and also against the TBOP "itself." (*Id.* at 8–9.) But nowhere in the Complaint does the plaintiff allege that any defendant, named or unnamed, took any action that could be the basis for a finding of individual liability. Rather, he alleges that, in denying him parole in February 2024, "the defendants – 'collectively' – succumbed to their repetitious reliance upon the plaintiff's 'past reviews' satisfying what rises to no more than a rhetorical-cliché and in the outcome, discloses the defendant's contempt (civil and criminal) for both rule of law as well as the powers of court[.]" (*Id.* at 4.) The court therefore construes the Complaint as it is captioned (*id.* at 1), to name two defendants: Lineberry, in her official capacity as "Parole Administrator", and the TBOP.

However, a federal suit for damages against a state agency like TBOP[4] and one of its employees in her official capacity is not sustainable, regardless of whether the claimed damages resulted from actions amounting to contempt for the rule of law or a violation of individual rights. In a suit for damages, "neither a State nor its officials acting in their official capacities are 'persons' [subject to suit] under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In *Will*, the Supreme Court stated: "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the

---

[3] To clarify, Lineberry is not a Parole Board member, but an administrative professional employed by the TBOP. *See* https://www.tn.gov/bop/about-us/information/abtus-info-board-members.html (last visited Apr. 30, 2025).

[4] *See Whipple v. Tennessee Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *3 (E.D. Tenn. Mar. 19, 2018), *aff'd*, No. 18-5390, 2019 WL 1804845 (6th Cir. Jan. 3, 2019) (finding that "Defendant Parole Board is an agency of the State of Tennessee and the remaining [individual] Defendants are [state] employees").

official's office. As such, it is no different from a suit against the State itself." *Id.* Therefore, in addition to the inapplicability of Section 1983 for these purposes, this suit for damages is barred by the Eleventh Amendment, which protects both "states and . . . state employees sued in their official capacities" from liability for past harms.[5] *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will*, 491 U.S. at 66); *see Frazier v. Crump*, No. 16-6687, 2017 WL 5664900, at *2 (6th Cir. Oct. 17, 2017) ("The Eleventh Amendment bars Frazier's § 1983 claims against the Tennessee Board of Parole, a state agency.") (citations omitted). And finally, even if the action for damages had been brought against any TBOP member in her individual capacity, "parole board members enjoy absolute immunity for actions taken in connection with determining whether to grant or deny parole." *Boyd v. Staggs*, No. 1:19-cv-00007, 2019 WL 295087, at *3 (M.D. Tenn. Jan. 23, 2019) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). This quasi-judicial immunity extends even to TBOP members accused of acting "in contravention of the newly-enacted Reentry Success Act" by refusing, without good cause, to grant parole to an eligible inmate or to schedule a timely parole hearing. *Hughes v. Duncan*, 636 F. Supp. 3d 879, 889 (M.D. Tenn. 2022), *aff'd*, 93 F.4th 374 (6th Cir. 2024). As a result, the Complaint fails to state a colorable claim for damages under Section 1983 against Defendant Lineberry, the TBOP, or any member thereof.

In addition to damages, the Complaint seeks "a Declaratory Judgment stating that . . . [t]he defendant's tort violated the plaintiff's eighth amendment right creating a deliberate act of

---

[5] The three recognized exceptions to Eleventh Amendment immunity—"(1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity"—do not apply to the plaintiff's claims against the TBOP and its Parole Administrator. *Jones v. Dep't of Correction*, No. 3:20-CV-00340, 2021 WL 2316792, at *6 (M.D. Tenn. June 7, 2021), *report and recommendation adopted*, 2021 WL 3285472 (M.D. Tenn. Aug. 2, 2021) (quoting *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)).

negligence under color of state law[,] [and] TCA § 29-20-201." (Doc. No. 1 at 7.) Because this demand for judgment is not reasonably construed as seeking "equitable and prospective relief against a named state official" such as Defendant Lineberry, as *Ex Parte Young* would allow, but instead appears to relate solely to the TBOP's denial of parole in February 2024 and deferral of rehearing for a year, it too is subject to the bar of Eleventh Amendment immunity. *Enbridge Energy, LP v. Whitmer*, No. 24-1608, --- F.4th ----, 2025 WL 1174379, at *3 (6th Cir. Apr. 23, 2025) (to avoid Eleventh Amendment bar, official-capacity claim must be made against appropriate state official, must "seek[] relief properly characterized as prospective," and must not be "in fact against the sovereign rather than [the] named official") (citations and internal quotation marks omitted). Even if it were properly construed as seeking prospective relief against Defendant Lineberry, the Complaint's request for judgment declaring a violation of the plaintiff's Eighth Amendment rights does not state any claim upon which relief can be granted in the context of a parole denial. *See Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003) (parole denial does not implicate Eighth Amendment, which "prohibits conduct that involves the unnecessary and wanton infliction of pain") (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). Although parole *procedures*, as distinguished from the denial of parole itself, may be subject to attack under the Eighth Amendment in certain cases presenting novel legal issues, *see Wershe v. Combs*, 763 F.3d 500, 505–06 (6th Cir. 2014), this is not such a case. Accordingly, the Complaint fails to state a viable claim for declaratory relief.

Finally, with respect to the plaintiff's demand for "an Injunction ordering the defendants to immediately re-schedule a rehearing" rather than "deferring the plaintiff's relief for release on parole" (Doc. No. 1 at 7), that request for relief is moot in light of the plaintiff's recent release to the supervision of the Jackson Probation and Parole Office. *See Townsend v. Vasbinder*, 365 F.

7

Case 3:24-cv-00715  Document 24  Filed 05/06/25  Page 7 of 9 PageID #: 209

App'x 657, 660 (6th Cir. 2010) (finding that habeas petitioner's "appeal is moot because he has been released on parole and thus no longer needs an evidentiary hearing to determine whether his immediate release is appropriate"; the requested hearing, "if granted, would make no difference to [petitioner's] legal interests").

In sum, the Complaint in this case fails to present a federal claim upon which relief can be granted and must therefore be dismissed. The Complaint purports to invoke the court's supplemental jurisdiction "over the plaintiff's state-law tort under Tennessee Code Annotated [TCA] 29." (Doc. No. 1 at 2.) However, as the Complaint contains no viable federal claims, the court in its discretion declines to exercise supplemental jurisdiction over the plaintiff's state law claim and will dismiss that claim without prejudice. *See Chaplin v. Anderson*, No. 19-1506, 2020 WL 2192553, at *4 (6th Cir. Feb. 20, 2020) (finding no abuse of discretion in district court's decision to decline to exercise supplemental jurisdiction over prisoner's state law claims following screening dismissal of all federal claims) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009)).

## IV. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim within this court's original jurisdiction upon which relief may be granted. The plaintiff's claim under Tennessee law will be dismissed without prejudice to his right to pursue it in state court.

In light of this disposition, the plaintiff's Motion for Pretrial Conference and Scheduling Order (Doc. No. 20) is **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge